IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

_____  )
                                     )
In re:                               )
                                     )   Case No. 24-60089
                                     )
CHAMPION BREWING COMPANY             )   Chapter 7
                                     )
        Debtor.                      )
                                     )
_____  )

### APPLICATION TO EMPLOY HIRSCHLER FLEISCHER, P.C. AS COUNSEL TO CHAPTER 7 TRUSTEE

Hannah W. Hutman, the duly-appointed chapter 7 trustee (the "**Trustee**") in the above-captioned case (the "**Bankruptcy Case**"), hereby filed this application (the "**Application**") for authority to employ the law firm of Hirschler Fleischer, P.C. ("**Hirschler**") as her counsel in the Bankruptcy Case pursuant to 11 U.S.C. §327(a).  In support of the Application, the Trustee respectfully states as follows:

1. The undersigned is the duly appointed trustee for the bankruptcy estate of Champion Brewing Company.

2. The Trustee desires to employ Hirschler, whose address is 2100 East Cary Street, Richmond, Virginia 23223-7078, as her counsel, because of Hirschler's expertise and experience in similar matters.  The Trustee believes that Hirschler is well-qualified to represent the Trustee in the matters set forth below.

3. Hirschler will render legal services to the Trustee as her counsel as follows: (a) investigating potential fraudulent conveyance, preference and other avoidance actions, and the recovery of same for the benefit of the estate, (b) investigating any claims the estate may have under applicable state law, (c) prosecuting such claims for the benefit of the estate, (d) liquidating assets for the benefit of the estate, and (e) advising the Trustee.  In connection with the rendering of these services, Hirschler will perform, among other things, document review and analysis, legal research, drafting, filing, serving and defending a complaint or complaints, and representing the Trustee in all court proceedings and related matters.

4. For such services, Hirschler's fees for professional services will be based on the time spent and charged on an hourly basis in one-tenth hour increments, plus reimbursement for all necessary expenses at cost as set forth in the engagement agreement attached hereto as **Exhibit A**.  Hirschler understands and agrees to keep detailed records of time and expenses.

5. At this juncture, Hirschler cannot reasonably predict the amount of fees and expenses reasonably estimated to perform the above services. As noted above, fees will be charged on a hourly basis. No fees shall be paid to Hirschler except upon proper application to and approval by the Court. The Trustee has advised Hirschler of potential limitations of compensation pursuant to 11 U.S.C. §328.

6. To the best of the Trustee's knowledge as of the date of this filing, the services to be provided by Hirschler should result in a net return to the estate after the payment of liens, fees, and costs.

7. The Trustee believes it is in the best interest of the estate to employ Hirschler to perform the services set forth herein because of Hirschler's expertise in business, bankruptcy, and litigation matters.

8. The Trustee has read the verified statement of disinterestedness from Brittany B. Falabella, an attorney with Hirschler, pursuant to F.R.B.P. 2014, attached hereto as **Exhibit B**, and to the best of the Trustee's knowledge, except as disclosed in **Exhibit B**, neither Ms. Falabella nor Hirschler have any connections with the debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

9. A true and complete copy of this Application was served on the U.S. Trustee. If immediate employment authorization is necessary, the U.S. Trustee has waived the 14-day notice requirement by endorsement of the order below.

WHEREFORE, the Trustee prays for entry of an order substantially in the form attached hereto as **Exhibit C**, approving the employment of Hirschler effective as of February 20, 2024 with compensation and expenses to be paid as administrative expenses consistent with the terms of the Application and in such amounts as this Court may hereinafter determine and allow.

Dated: March 14, 2024        /s/    Hannah W. Hutman   (Trustee)
                             Hannah W. Hutman, Trustee
                             Hoover Penrod PLC
                             342 S. Main Street
                             Harrisonburg, VA 22801
                             Phone:  540-433-2444
                             Email:  hhutman@hooverpenrod.com

**EXHIBIT A**

**Hirschler**

**Brittany B. Falabella**
D: 804.771.9549
bfalabella@hirschlerlaw.com

Hirschler Fleischer │ hirschlerlaw.com
2100 East Cary Street │ Richmond, VA  23223
P: 804.771.9500 │ F: 804.644.0957

February 15, 2024

**VIA EMAIL ONLY (HHutman@hooverpenrod.com)**

Hannah W. Hutman, Esq.
Chapter 7 Trustee
Hoover Penrod
342 South Main Street
Harrisonburg, Virginia 22801

      Re:    **Confirmation of Engagement and Fee Agreement**

Dear Hannah:

We are pleased that you have decided to retain Hirschler Fleischer, a Professional Corporation (the "Firm").  This letter sets forth the scope of our representation and outlines the fees for our services.

The Trustee.  The Engagement is limited solely to our representation of Hannah W. Hutman, Chapter 7 Trustee of Champion Brewing Company, WDVA, and Bankruptcy Case No. 24-60089 (the "Trustee").  To the extent we provide information or advice to any person, it will be related solely to that person's involvement with the Trustee.  If you want us to represent any interest other than the Trustee's, please advise us and we will determine whether we can undertake that additional representation.

Scope of Engagement.  The Trustee has engaged the Firm to represent her by assisting with liquidation of assets, litigation, and other related matters (the "Engagement").  The Firm will perform legal services normally and reasonably associated with this type of representation which the Firm is requested and able to provide consistent with its ethical obligations.  If the scope of the Engagement is enlarged by mutual agreement, and no separate engagement agreement is prepared for those additional services, the terms of this agreement will apply to such services.

In the event the Engagement relates to threatened or pending litigation, you have an obligation to reasonably identify and preserve any documents and digital information which may

relate to that dispute. We will rely upon your full cooperation in working with us to accomplish this important objective.

Engagement Staffing. Kollin Bender and I will be responsible for and actively involved in the Engagement. So that I might serve the Trustee as efficiently and effectively as possible, additional lawyers, legal assistants, or law clerks will be utilized in the Engagement on an as needed basis.

Fees and Expenses. Subject to the immediate paragraph below and Bankruptcy Court approval, our fees for professional services will be based on the time spent on the Engagement, charged on an hourly basis in one-tenth hour increments. My currently hourly rate for this matter is $405.00 and Mr. Bender's current hourly rate is $345.00. As part of the Firm's ordinary business practice, hourly time charges are periodically reviewed and revised to reflect years of experience and recognized expertise, normally effective January 1st of each year.

No fees will earned on assets collected by the Trustee without assistance of the Firm. The Firm understands and agrees to keep detailed records of time and expenses.

Conflicts of Interest. The Firm represents a broad base of clients on a variety of legal matters. Accordingly, it is possible that one or more Firm attorneys may now or in the future represent parties in other matters in which such party's interest is adverse to those of the Trustee or their affiliates, or which have contractual or other dealings with the Trustee. As a condition of representation, the Trustee agrees that the Firm may represent other parties in matters in which their interests are adverse to those of the Trustee or its affiliates, and the Trustee consents to any conflict that would otherwise exist in such matters, provided that (1) any matter in which the Firm represents an adverse party is not substantially related to the Firm's work for the Trustee, and (2) as appropriate, an ethical wall is created to separate the other matter from the unrelated matters the Firm is handling for the Trustee. We will seek the Trustee's consent to a future conflict only where the applicable rules of professional conduct will permit a conflict to be waived by informed consent and where we have concluded and can reasonably demonstrate that the representation at issue will not adversely affect our ability to represent the Trustee or the other client involved, and our continuing obligation to protect the Trustee's confidential information will not be compromised.

We have checked our records for potential conflicts, and have discovered no issues that would preclude our representation of the Trustee; however, the Firm currently represents Dominion Energy, Atlantic Union Bank, Bluevine "Capital", Capital One, and JP Morgan Chase Bank. The Firm cannot represent the Trustee if the Trustee and the Conflict Parties become adverse, and it is understood and agreed that the Trustee will have to find special counsel with respect to any adverse matters with the Conflict Parties.

Communications. Unless you tell us otherwise, we will send to you or your designee all correspondence and statements for our services related to the Engagement. We understand that, unless advised otherwise, we may communicate, for purposes of this Engagement, by fax, telephone, cell phone, voice message, text message, e-mail, or letter, and that, with respect to fax, text messages, and e-mail, we may do so without any encryption or other special protection. We will use reasonable precautions to protect your confidential information from disclosure, including

by cybersecurity breach or identity theft, consistent with our professional responsibilities, but we cannot guarantee an unintended disclosure may not result from cyberattack or other data breach beyond our control.  As e-mails and text messages can be intercepted and read, disclosed, or otherwise communicated to an unintended third-party, or may not be delivered to a party to whom they are directed, the Firm disclaims any liability or responsibility for interception or unintentional disclosure or communication of our e-mail transmissions or for the unauthorized use, disclosure, or failed delivery of e-ails transmitted by us in connection with the Engagement.  We believe, and by agreeing to the terms of this Engagement you acknowledge, that the benefits of using such technologies outweigh the risk of any such accidental disclosure.  In our communications by e-mail, we recommend that you utilize an e-mail address associated with the Trustee so as to avoid any dispute concerning the attorney-client privilege.  Please notify the Firm if you have any other requests or requirements in connection with methods of communication or persons to be included or copied in the circulation of documents relating to the Engagement.

<u>Litigation Hold</u>.  In situations where you anticipate being in litigation, or are already involved in a lawsuit, certain duties arise to protect and preserve evidence that is relevant to the issues in dispute, or may be relevant to such issues, may lead to discoverable information, is reasonably likely to be requested in discovery, or is subject to pending request for production by an opposing party.  The specific case and venue may impact the scope of such duties.  However, there are possible severe consequences imposed by courts for party's failure to preserve such evidence.

In this context, evidence includes, but is not limited to, audio/video recordings, paper documents, paper files, off-site stored files, electronically stored information (ESI) and related metadata, back-up tapes for ESI, and other similar information.  It is important that you work with us to ensure that such evidence is preserved.  Because there are duties placed on us as your counsel to help preserve the information, we will work with you on these efforts.

**Unless we otherwise agree in writing, or you advise us in writing of any objections, we will assume that the foregoing terms are acceptable to you and will proceed with the Engagement on that basis.**

We appreciate the opportunity to represent the Trustee.  If you have any questions at any time regarding our work or any statement for our services, please contact me at your first opportunity.

Very truly yours,

Brittany B. Falabella

BBF/rrh

cc: Records Department (via e-mail)

# **EXHIBIT B**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| In re: | )<br>)<br>) Case No. 24-60089<br>) |
| CHAMPION BREWING COMPANY | ) Chapter 7<br>) |
| Debtor. | )<br>) |

## **VERIFIED STATEMENT OF BRITTANY B. FALABELLA**

1. I am an <u>attorney</u> authorized to practice under the laws of the Commonwealth of Virginia. I am a principal in the firm of HIRSCHLER FLEISCHER, P.C. ("**Hirschler**").

2. The Trustee has requested that Hirschler perform the professional services as set forth on the Trustee's application for employment of Hirschler as counsel on behalf of the estate. I am experienced and qualified in the matters for which I am to be employed as set forth in the Application.

3. Neither I nor Hirschler:

   a. is a creditor, an equity security holder, or an insider of the debtor;
   b. is an investment banker for any outstanding security of the debtor;
   c. is or has been, within three years before the date of the filing of the petition in this case, an investment banker for securities of the debtor, or an attorney for an investment banker in connection with securities of the debtor;
   d. is or has been, within the two years before the date of the filing of the petition in this case, a director, officer, employee of the debtor, or an investment banker specified in subparagraph b or c; or
   e. has any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph b or c, or for any other reason.

4. To the best of my knowledge, neither I nor Hirschler holds or represents any interest adverse to the interest of the estate. Neither I nor Hirschler has any connection with the debtor, creditor, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except that Hirschler represents or represented Dominion Energy, Atlantic Union Bank, Bluevine "Capital," Capital One, and JP Morgan Chase Bank (the "**Conflict Parties**") in matters unrelated to the debtor, this case, or the Trustee. Hirschler will not take action adverse to the Conflict Parties in this matter without a written waiver by the Trustee and the relevant Conflict Party.

5. Neither I nor Hirschler has shared or agreed to share and will not share or agree to share, any compensation paid to it with any other person except as provided by Bankruptcy Rule 2016. Neither I nor Hirschler has received a retainer in this case.

6. Hirschler shall be paid on an hourly basis and be reimbursed for its expenses as set forth in the Application. I understand that I must keep detailed records of time and expenses. Further, I am aware of the potential compensation limitations set forth in 11 U.S.C. §328.

DECLARED under penalty of perjury this 23rd day of February, 2024.

/s/ Brittany B. Falabella
Brittany B. Falabella, Esquire
HIRSCHLER FLEISCHER
2100 East Cary Street
Richmond, VA 23223-7078
Phone: 804-771-9549
Fax: 804-644-0957
Email: bfalabella@hirschlerlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify:

(X) that a true and correct copy of the above Application has been served on the U.S. Trustee, by electronic service on the 14th of March, 2024, pursuant to Local Rule 2014-1.

( ) that timely service has been waived by the U.S. Trustee by endorsement of the below order as Seen and no Objection.

By: /s/    Hannah W. Hutman
Hannah W. Hutman, Trustee (Application)

**EXHIBIT C**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| _____ ) | |
| In re: ) | |
| ) | Case No. 24-60089 |
| ) | |
| CHAMPION BREWING COMPANY ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| _____) | |

**ORDER OF EMPLOYMENT**

This Court has considered the foregoing application to employ Hirschler Fleischer, P.C. ("**Hirschler**") as counsel to the Chapter 7 Trustee and the verified statement of Brittany B. Falabella in support thereof. It appears that Hirschler is disinterested; that all connections required to be disclosed, if any, have been disclosed; that no objection to said application has been sustained; and that the employment of Hirschler is in the best interest of this estate. Therefor it is

**ORDERED**, that the employment of Hirschler is hereby authorized under the terms and conditions set forth in said Application, with compensation and expenses to be paid in such amounts as may be allowed by this court upon proper application or applications submitted. If the assets of the estate are insufficient to pay administrative costs, including fees to professionals

appointed by court order, interim payments on said fees may not be allowed if it cannot be shown that there is a reasonably likelihood that the estate will in the future generate sufficient funds to pay all administrative expenses in full; and

**ORDERED** that any applicable 14-day stay is hereby waived.

Copies of this Order shall be served upon the Debtor, Counsel for the Debtor, and the United States Trustee.

*\*\*End of Order\*\**

I ask for this:

/s/ Hannah W. Hutman
Hannah W. Hutman, Trustee
Hoover Penrod PLC
342 S. Main Street
Harrisonburg, VA 22801
Phone: 540-433-2444
Email: hhutman@hooverpenrod.com


Seen and no objection:

/s/
B. Webb King (VSB No. 47044)
W. Joel Charboneau (VSB No. 68025)
OFFICE OF THE UNITED STATES TRUSTEE
210 First Street, Suite 505
Roanoke, Virginia 24011
Phone: 540-798-8323
Fax: 540-857-2844
Email: Joel.Charboneau@usdoj.gov

*Office of the United States Trustee*